## THOS. JOHNSON ET AL. v. J. K. WADDY.

**Slaves—Contract for Hire.**

> The principal is well established that the hirer of a slave for a particular term is not exonerated from his obligation to pay the price by the death, escape or abduction of the slave.

APPEAL FROM CALDWELL CIRCUIT COURT.

February 7, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an action against the appellants, upon a covenant executed by them to the appellee on the 2d day of January, 1865, for the hire of two negro boys for the year 1865, at the price of $200, the covenant stipulating that the obligors would pay the two hundred dollars, whether the negroes should serve the entire year or not, and without regard to the time they might serve.

The appellants filed an answer alleging, substantially, in separate paragraphs:

1. That on the day the slaves were hired, and before they had rendered any service, "two white men, dressed in the uniform of the Federal Government," "who," the answer alleges, "were negro kidnappers," together with a company of negroes, forcibly took said slaves out of the possession of the appellant Johnson, without authority of law, and that said persons who took them were public enemies of the State of Kentucky, and the laws and institutions thereof, and that by reason of said unlawful taking, appellants were deprived of the entire services of the slaves for said term of hiring.

2. That said slaves, after they were taken off as aforesaid, were taken to the city of Paducah, where the appellee, being the owner of them, obtained and had possession and control of them, but failed to return them to appellant Johnson, or notify him

that they were in his possession; and these facts are relied on as an abandonment of the contract by appellee, and a release of the appellants.

3. That by reason of the unlawful taking and removal of said slaves, the consideration of the covenant of the appellants entirely failed.

The appellee, having demurred to each paragraph of the answer, the demurrer was sustained, and the appellants failing to answer further, a judgment was rendered against them, from which they have appealed to this court.

If the appellants had not, by the express terms of the contract, taken on themselves the risk of losing the services of the slaves, the principle is well established and has been recognized in several recent cases, by this court, that the hirer of a slave for a particular term is not exonerated from his obligation to pay the price by the death, escape or abduction of the slave.

Conceding the facts as alleged in the answer, and the demurrer must be taken to admit them, we do not perceive that the first paragraph of the answer presents a bar to the action; or that the fact that the appellants were deprived of their property in the slaves by an act of robbery or unlawful spoliation, ought, in law or equity, to relieve them from a debt, in the creation of which their property in the slaves formed the consideration.

Nor can the facts declosed in the second paragraph of the answer as presented be regarded as a sufficient defense. The alleged abandonmnt of the contract by the appellee and release of the appellants is but an inference from facts which, if true, could only be made available in defense of the action as the subject of a counter claim, and not as a simple defense to the action.

There is a manifest distinction between this case, as disclosed by the answer, and those in which this court has sustained the plea of no consideration to obligations for the price or hire of slaves. In this case it is not pretended that the slaves were unsound, or worthless, from any cause when the contract was executed, and they were delivered to Johnson. Having contracted for the use and control of them for a specific time, and received the possession of them, the property so acquired was as much at the appellant's risk as if the contract had been one of absolute purchase. But for another reason, the consideration did not fail. The hirer had a right, by virtue of the contract, to pursue and

reclaim the slaves, or maintain an action for redress against the trespassers, or others guilty of harboring or withholding the slaves.

Upon the whole case, as disclosed by the answer, we are of the opinion that no sufficient defense was presented, and the demurrer to the answer was therefore properly sustained.

Wherefore, the judgment is affirmed, with damages.